**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------X
ELLVA SLAUGHTER,                :

      Petitioner,         :     08 Civ. 404 (JFK)
                                  03 Cr. 455 (JFK)
  -against-                     :
                                **MEMORANDUM OPINION**
UNITED STATES OF AMERICA,       :     **& ORDER**

      Respondent.         :
------------------------------X
**JOHN F. KEENAN, United States District Judge:**

      Petitioner Ellva Slaughter moves pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure to reopen the time to file an appeal of this Court's Memorandum Opinion and Order, signed and entered on October 1, 2008, denying his pro se § 2255 petition (the "Order"). For the reasons below, the motion is granted.

      The Order denied Slaughter a certificate of appealability but advised him that he could seek one from the Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 2253. The time for him to have done so - sixty days following entry of the Order, because the United States is a party, see Fed. R. App. P. 4(a)(1)(B) - expired on December 1, 2008. In his motion to reopen the time to file an appeal, Slaughter affirms that he did not receive a copy of the Order until February 2009, following a prison transfer.

      Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits a district to reopen the time to file an

appeal for a period of 14 days, but only if three conditions are satisfied.  First, the court must find that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A).  Rule 77 directs the Clerk of the Court to serve notice of the order on all parties and to record such notice on the docket sheet. Fed. R. Civ. P. 77.  Second, the motion to reopen "must be filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B).  Finally, the court must find that "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C).

All three conditions are met in this case.  First, no entry on the docket sheet indicates that the Clerk of the Court ever gave Slaughter notice of the Order pursuant to Rule 77.  Instead, a member of my chambers staff mailed a copy to Slaughter on or about October 1, 2008.  Second, the Court received Slaughter's motion to reopen on March 16, 2009, less than 180 days after the Order was entered.  Finally, in a letter dated April 24, 2009, the government states that it does not oppose the motion.

Accordingly, petitioner's motion is GRANTED, and his time to file a notice of appeal for the purpose of seeking a

certificate of appealability is reopened for a period of 14 days following the entry of the instant order. Pursuant to Rule 77 of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to serve notice of the entry of the instant order on petitioner at the following address: Ellva Slaughter, Reg. No. 46327-083, USP Atwater, U.S. Penitentiary, P.O. Box 019001, Atwater, CA 95301.

SO ORDERED.

Dated:   New York, New York
         April 28, 2009

                                        JOHN F. KEENAN
                                    United States District Judge